**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCISCO JAVIER MONTOYA SANCHEZ,<br>Petitioner,<br><br>v.<br><br>SECRETARY MARKWAYNE MULLIN, *et al.*,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:26-cv-7124 |

**<u>O R D E R</u>**

**AND NOW**, this 28th day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus, [1] ECF No. 1, the Government's Response in Opposition,[2] ECF No. 4, and Petitioner's Reply, ECF No. 5, and for the reasons provided in *Piatukho v. Warden J.L. Jamison,* No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sept. 15, 2026), which is incorporated herein[3], **IT IS HEREBY ORDERED**:

---

[1] Petitioner Francisco Javier Montoya Sanchez filed a Petition for Writ of Habeas Corpus on September 15, 2026. *See* Pet., ECF No. 1. He alleged that he had lived in the United States for almost twenty years and had "affirmatively tried to obtain legal status" since he had "submitted an I-601 hardship waiver." *Id.* at 2. United States Immigration and Customs Enforcement ("ICE") arrested him recently. *See id.*; *see also* Ex. A, ECF No. 1-3. He "is currently detained at [Federal Detention Center ("FDC")] Philadelphia." Pet. 2. He alleges that he is unlawfully detained under 28 U.S.C. § 2241, his detention violates Fifth Amendment due process, and the Government's conduct violates the Administrative Procedure Act ("APA"). *See id.* ¶¶ 6–8.

[2] The Government filed a Response in Opposition on September 23, 2026, arguing that the Court should deny habeas relief because (1) Montoya Sanchez is detained under the discretionary provisions of 8 U.S.C. § 1226(a) pending removal proceedings and he had not exhausted administrative remedies; (2) his detention does not violate Constitutional due process; and (3) his APA claims fail on jurisdictional and substantive grounds. *See* Resp. 4, ECF No. 4. The Government acknowledged that Montoya Sanchez was scheduled for a bond hearing on September 22, 2026, which did not occur because he was detained at FDC Philadelphia, but the hearing was "being expeditiously rescheduled." *Id.* at 1.

[3] This opinion explained that a petitioner challenging his or her detention pursuant to 8 U.S.C. § 1226(a) pending removal proceedings must first exhaust administrative remedies before seeking habeas relief from the federal district court. Such administrative remedies include: (1) requesting a bond redetermination hearing before an immigration judge; and (2) appealing the

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1. **Within four (4) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19(a));
2. If a bond hearing is not held before an Immigration Judge within four (4) days, the Government shall immediately RELEASE Petitioner from ICE custody.
3. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

immigration judge's bond decision to the Board of Immigration Appeals. *See Piatukho*, 2026 WL 2719267, at *3 (citing *Gomez v. Jamison*, No. 26-3879, 2026 U.S. Dist. LEXIS 149870, at *6 (E.D. Pa. July 6, 2026); 8 C.F.R. §§ 236.1(d)(1), 236.1(d)(3), 1003.19(a)). This Court determined that none of the limited exceptions to exhaustion applied. *See id.* at *3–4 ("'Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.' *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).").

[4] Unlike the petitioner in *Piatukho*, who "made no attempt to exhaust administrative remedies[,]" 2026 WL 2719267, at *4, it appears that Montoya Sanchez requested a bond hearing. Since Montoya Sanchez attempted to exhaust his administrative remedies, but has not yet had a bond redetermination hearing, the Court will order that a bond hearing be held promptly.

Because Montoya Sanchez's request for immediate release is denied, so too is his request for return of property. To the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.